IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF NEW MEXICO, *ex rel.* GARY K. KING, Attorney General, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13-MC-05-JED-PJC |
| GLOBAL CLIENT SOLUTIONS, LLC, | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the Motion to Compel Discovery of the Plaintiff, State of New Mexico, *ex rel.* Gary K. King, Attorney General. [Dkt. No. 3]. At issue is a subpoena for production of documents issued by the Plaintiff to Global Client Solutions LLC ("Global"), an Oklahoma limited liability corporation with offices in Tulsa. The subpoena related to a case styled *State of New Mexico v. CreditArbitrators, LLC and CreditAnswers, LLC*, Case No. 1:12-cv-00016 MV/RHS (D.N.M.) ("the New Mexico case"). Global is not a party to the New Mexico case.

On September 14, 2012, Plaintiff served Global with a Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action. [Dkt. No. 3-1]. The Subpoena was issued out of this Court and commanded Global to produce documents and electronically stored information at the office of the Attorney General's, Consumer Protection Division, in Santa Fe, New Mexico on October 15, 2012. Plaintiff and Global

1

conferred by telephone the week of October 8; however, on the date for production, Global informed Plaintiff by letter of its objection to each of the categories of documents requested.

Plaintiff contends that Global's objections are untimely under Fed. R. Civ. P. 45(c)(2)(B) and asks this Court to compel the requested discovery.

### *Applicable Legal Standards*

Rule 45 provides in pertinent part:

> (2) *Issued from Which Court.* A subpoena must issue as follows:
>
> (A) for attendance at a hearing or trial, from the court for the district where the hearing or trial is to be held;
>
> (B) for attendance at a deposition, from the court for the district where the deposition is to be taken; and
>
> (C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

Fed. R. Civ. P. 45(a)(2).

### *Discussion*

The subpoena at issue is void and unenforceable because it was issued from the wrong court. The subpoena issued from the Northern District of Oklahoma commands production of documents in the District of New Mexico. Rule 45 is clear that when a subpoena calls only for production or inspection of documents, it must issue from the court for the district where the production or inspection is to be made." In this case, Plaintiff could have issued the subpoena

from this Court and commanded production in the Northern District of Oklahoma.

Although Global has not moved to quash on this basis, the Court must declare the subpoena invalid. *See Monsanto Co. v. Victory Wholesale Grocers*, 2008 U.S. Dist. LEXIS 39239, at *10-11 (E.D.N.Y. May 14, 2008). A subpoena issued by the wrong court is void and unenforceable. *Zamani v. Carnes*, 2008 WL 2127849, at *1 (N.D. Cal. May 19, 2008) ("A subpoena that designates the wrong court is void."); *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C. Feb. 12, 2002) (subpoena issued from wrong court is improper); *Estate of Myers v. Wal-Mart Stores, Inc.*, 2010 WL 4830083, at *1-2 (E.D.N.C. Nov. 22, 2010); *Stewart v. Mitchell Transport*, 2002 WL 1558210, at *2-3 (D.Kan. July 8, 2002) (document subpoenas *must* issue from the district in which production is to take place); *NFLC, Inc. v. Devcom Mid-Am., Inc.*, 1994 WL 188478, at *7 (N.D.Ill. May 11, 1994) (subpoena issued from improper district is invalid and unenforceable).

Plaintiff's subpoena issued from this Court for document production in New Mexico was improper. Therefore, the subpoena is void and unenforceable. Accordingly, the Motion to Compel Discovery must be **DENIED**.

**DATED** this 1st day of February 2013.

_____
Paul J. Cleary
United States Magistrate Judge